IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDON CHE LEE,

    Petitioner,

    v.                                         CASE NO. 17-3134-JWL

WARDEN MAYE, Warden,
USP-Leavenworth, et al.,

    Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at Atlanta–USP, proceeds pro se. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action for the following reasons.

**Background**

Plaintiff brings this action against the warden at USP-Leavenworth and others, claiming he is being illegally held through the use of a "fake judgment and confinement order" issued in Case No. 07-00207-AG in the Central District of California.[1] Petitioner also complains about the conditions of his confinement, including an allegation that he has been given poisoned food.

**Analysis**

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be

---

[1] In 2009, a jury convicted Mr. Lee of numerous counts arising from a bank fraud and check-kiting scheme. The United States District Court for the Central District of California sentenced him to 240 months in prison. In 2012, the Ninth Circuit Court of Appeals affirmed. The Federal Bureau of Prisons inmate locator at www.bop.gov/inmateloc/ indicates that Petitioner is currently incarcerated at Atlanta USP and has a release date of July 4, 2025.

filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). This remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner must file a § 2255 petition in the district where he was convicted and sentence imposed, and a § 2241 petition in the district of confinement. Petitioner has not alleged that he was convicted or sentenced in this district, nor is he currently confined in this district. This Court has previously dismissed habeas petitions filed by Petitioner, "repeatedly advising him that this Court lacks jurisdiction to hear challenges to his federal conviction in the Central District of California." *Lee v. Maye*, No. 15-3023-KHV (D. Kan. Feb. 12, 2016) (citing *Lee v. Maye*, No. 14-3054-RDR (D. Kan. Apr. 24, 2014) (dismissed for lack of jurisdiction to hear challenges to federal convictions or sentences in Central District of California); and *Lee v. Maye*, No. 14-3076-RDR (D. Kan. June 6, 2014) (citing Case No. 14-3054, dismissed as successive and abusive), *aff'd* App. Case No. 14-3127 (10th Cir. Oct. 24, 2014)).

Claims challenging a prisoner's conditions of confinement do not arise under § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims). Petitioner's claims regarding the conditions of his confinement must be brought in a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Requena v. Roberts*, 552 F. App'x. 853 (10th Cir. April 7, 2014).

This Court has previously warned Petitioner that his conditions of confinement claims are not properly litigated in a habeas corpus petition. *See Lee v. Maye*, No. 15-3023 (D. Kan. Feb. 12, 2016) ("The Court has repeatedly informed petitioner that conditions of confinement claims must be litigated in a civil rights complaint, that a civil rights complaint must be submitted upon court-approved forms, and the fee for filing a civil rights complaint is $400.00 (rather than the $5.00 fee for a habeas petition) and that he is obligated to pay the full filing fee up front if funds exist or through payments deducted from his inmate account."); *Lee v. Maye*, No. 15-3040-KHV (D. Kan. Jan. 8, 2016) (finding habeas petition "duplicative, frivolous and abusive" where petitioner claimed continuous receipt of poisoned food and stating that conditions of confinement claim is not properly litigated in a habeas corpus petition).

Petitioner has been previously warned that he cannot avoid assessment of the appropriate filing fee or application of the three-strikes provision simply by styling conditions claims as habeas claims under 28 U.S.C. § 2241. *Lee v. Maye*, No. 15-3023-KHV (D. Kan. Feb. 12, 2016). Therefore, any such future claims, no matter how presented, will be appropriately construed as civil rights claims, and proper statutory filing fees and strikes will be assessed.

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is dismissed as successive, duplicative, frivolous and abusive.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 10th day of August, 2017.**

    s/ John W. Lungstrum
    **JOHN W. LUNGSTRUM**
    **UNITED STATES DISTRICT JUDGE**